

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,                )
                                  )
    Plaintiff-Respondent,     )
                                  )
vs.                               )    No. SD38252
                                  )
BOBBY GENARO FOREMAN, JR.,        )    **Filed:  July 14, 2025**
                                  )
    Defendant-Appellant.      )

APPEAL FROM THE CIRCUIT COURT OF PEMISCOT COUNTY

The Honorable Fred W. Copeland, Senior Judge

**<u>AFFIRMED</u>**

Bobby Genaro Foreman, Jr. ("Foreman") appeals the judgment of the Circuit Court of Pemiscot County ("trial court") convicting him of two counts of unlawful use of a weapon following a jury trial.  *See* section 571.030.[1]  In one point on appeal, Foreman claims the trial court plainly erred in failing to *sua sponte* include a paragraph cross-referencing self-defense and defense-of-others jury instructions in the verdict-directing instructions for the two counts of unlawful use of a weapon, Counts XI and XII.  Foreman asserts the failure to cross-reference

---

[1] All references to statutes are to RSMo Supp. 2017, and all rule references are to Missouri Court Rules (2025), unless otherwise specified.

these defenses in the verdict directors resulted in manifest injustice warranting reversal of his convictions. This Court disagrees and affirms the trial court's judgment.

**Factual Background and Procedural History**

Foreman was charged with murder in the second degree (Count I), five counts of armed criminal action (Counts II, IV, VI, VIII, and X), four counts of assault in the first degree (Counts III, V, VII, and IX), and two counts of unlawful use of a weapon (Counts XI and XII). *See* sections 565.021, 571.015 (RSMo Cum.Supp. 2020), 565.050, and 571.030. The charges stemmed from events that occurred on July 2, 2021. Foreman does not challenge the sufficiency of the evidence supporting his convictions on the two unlawful use of a weapon charges on appeal. Viewed in the light most favorable to the jury's verdicts, the following evidence was adduced at trial:[2]

On July 2, 2021, Foreman was with his girlfriend ("Girlfriend") and Girlfriend's cousin ("K.H.") in a white Chevy Malibu parked outside Foreman's cousin's house. Foreman was the driver of the Malibu, Girlfriend was in the passenger seat, and K.H. was in the back-passenger seat. Five men arrived in a white Chevy Impala and blocked Foreman's car in the driveway. When the men in the Impala arrived, Foreman, Girlfriend, and K.H. were standing outside the Malibu. All the men got out of the Impala and an argument ensued. Girlfriend and K.H. got back in the Malibu. K.H. was aware the men had been looking for him and wanted to fight. A few days earlier, on June 29, 2021, three members of the group in the Impala had "beat[en] up" K.H. On July 2, the day in question, the men were riding around looking for K.H., and had

---

[2] **State v. Lavender**, 680 S.W.3d 119, 122 (Mo. App. S.D. 2023) (holding evidence is viewed in the light most favorable to the jury's verdict on appellate review when sufficiency of the evidence is not an issue on appeal).

driven past K.H.'s uncle's house taking pictures and videos showing a gun in one of the men's laps, and posted those videos on Snapchat.[3]  Foreman was aware of the prior physical altercation and was also aware that Victim had shot another friend and was known to carry a firearm.

Once K.H. got back in the Malibu, Victim approached the back-passenger window where K.H. was sitting and knocked on the glass.  K.H. had a nine-millimeter pistol.  Foreman was outside the Malibu and had a .40-caliber pistol in his pocket.  Victim walked away and returned to the Malibu with a .40-caliber pistol.  K.H. exited the Malibu and was shot.  Both K.H. and Victim were struck with gunfire.  Girlfriend was shot one time, K.H. was shot five times, and Victim was shot six times.  There was conflicting evidence at trial as to whether K.H., Victim, or Foreman fired first.

Foreman testified that Victim fired his gun at him, so he drew his firearm from his pants and fired at Victim.  Foreman stated K.H. was on the ground with gunshot wounds and he was afraid for all of their lives.  K.H. was able to get back in the Malibu and Victim was carried to the Impala.  K.H. testified he heard additional gunfire after he got back in the Malibu.  Girlfriend got in the driver's seat of the Malibu and started to back up.  Foreman was still outside the car shooting a gun at the Impala.  Foreman then got in the driver's seat of the Malibu and drove toward the hospital.  On the way to the hospital, he stopped at Girlfriend's house to hide his gun, then proceeded to the hospital.  Foreman stated that every time he fired his weapon he did so out of fear for his safety and the safety of Girlfriend and K.H.

A crime lab technician with the Missouri State Highway Patrol analyzed the expended bullets and shell casings.  The technician opined that all shell casings and bullets found at the

---

[3] Snapchat is a social media application that allows users to post photos and videos and chat with other users.

scene or in Victim's body came from the three firearms[4] involved, although for some items she was unable to conclusively establish which Glock firearm fired which particular bullet. An autopsy revealed Victim suffered two fatal gunshot wounds, one consistent with being fired by a .40-caliber Glock pistol and one consistent with being fired from a nine-millimeter pistol.

At the jury instruction conference, the parties submitted self-defense and defense-of-others instructions, Instruction Nos. 5 and 6. Instruction No. 5 instructed the jury, in part, that:

> In order for a person to lawfully use non-deadly physical force in self-defense, he must reasonably believe such physical force is necessary to defend himself from what he reasonably believes to be the use or imminent use of unlawful force[] and he can only use physical force to the extent that he reasonably believe[s] is necessary to defend himself.
> But a person is not permitted to use deadly force unless he reasonably believes that the use of deadly force is necessary to protect himself against death or serious physical injury.

Similarly, Instruction No. 6 instructed the jury, in part, as follows:

> In order for a person to lawfully use physical force in defense of another person, he must reasonably believe that physical force is necessary to defend the person he is trying to defend from what he reasonably believes to be the use or imminent use of unlawful force and he can only use physical force to the extent that he reasonably believes is necessary to defend the other person.
> But a person is not permitted to use deadly force unless he reasonably believes the use of deadly force is necessary to protect the other person against death or serious physical injury.

Verdict directors for each charged offense were also submitted to the jury. Only the verdict-directing instruction for Count I, murder in the second degree, Instruction No. 7, included a paragraph referencing self-defense or the defense of others. That instruction reads:

> As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

---

[4] There were three firearms involved with this case and admitted as exhibits at trial: two similar .40-caliber weapons, a Glock model 22 Gen 4 pistol (recovered from the Impala) and a Glock model 23 Gen 4 pistol (recovered from a couch), and a nine-millimeter Taurus pistol (recovered from the Malibu). Some of the expended bullets recovered at the scene "were consistent with both of the Glock pistols."

4

First, that on or about July 2, 2021, in the County of Pemiscot, State of Missouri, [Foreman] caused the death of [Victim] by shooting him, and

Second, that [Foreman] knew or was aware that his conduct was causing or was practically certain to cause the death of [Victim], or that it was [Foreman's] purpose to cause the death of [Victim], or that it was [Foreman's] purpose to cause serious physical injury to [Victim], and

***Third, that [Foreman] was not acting in lawful self-defense or defense of others,***

then you will find [Foreman] guilty under Count I of murder in the second degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find [Foreman] not guilty of murder in the second degree.

(Emphasis added). Unlike Instruction No. 7, the remaining verdict directors for armed criminal action, assault in the first degree, and unlawful use of a weapon failed to include a paragraph referencing self-defense or defense of others or a paragraph cross-referencing Instruction Nos. 5 or 6. The trial court asked the parties if there was anything else to address regarding the jury instruction packet and defense counsel responded, "I think we covered everything from the Defense, Your Honor."

During closing argument, the State discussed self-defense while referencing the second-degree murder verdict director, but did not tell the jury it was limited to considering self-defense only as to Count I. Defense counsel argued that Foreman believed he needed to protect his friends and asked the jury to "please fin[d] him not guilty on every single charge because he acted in self-defense." Defense counsel specifically argued that "shots rang out again" before Foreman shot at the Impala and that the men in the Impala had started shooting again.

The jury found Foreman not guilty as to all counts except the two counts of unlawful use of a weapon. The trial court accepted the jury's verdict, entered judgment convicting Foremen according to the verdicts, and sentenced him to a total term of 18 years' imprisonment.

5

**Point on Appeal**

*Standard of Review*

Foreman concedes his claim of error on appeal was not preserved at trial. Instructional errors that are not preserved for appellate review are reviewed for plain error resulting in manifest injustice or a miscarriage of justice. Rule 30.20; ***State v. Rice***, 597 S.W.3d 322, 326 (Mo. App. E.D. 2019). "For instructional error to constitute plain error, the defendant must demonstrate that the trial court so misdirected or failed to instruct the jury that the error affected the jury's verdict." ***Id.*** "*Even clear and obvious instructional error rarely works a manifest injustice or miscarriage of justice demanding plain-error reversal.*" ***State v. Emanual***, 683 S.W.3d 348, 353 (Mo. App. S.D. 2024) (quoting ***State v. Stuckley***, 573 S.W.3d 766, 768 (Mo. App. S.D. 2019)). Whether reversal of a judgment is required under plain-error review "depends heavily on the facts and circumstances of each case." ***Id.***

**Analysis**

*Multifarious Point*

This Court initially notes that Foreman has presented a multifarious point on appeal for plain error review. Rule 84.04 requires a point relied on to identify a single claim of reversible error, to provide a concise statement of the legal reasons for the claim of reversible error, and to explain how those legal reasons support the claim of reversible error in the context of the case. Rule 84.04(d); ***State v. Wolf***, 690 S.W.3d 621, 625 (Mo. App. S.D. 2024). A point relied on violates Rule 84.04(d) when it presents multiple, independent claims of error, instead of a single claim of error. ***State v. Rost***, 690 S.W.3d 573, 585 (Mo. App. S.D. 2024). There is no excuse for failure to submit an adequate point on appeal in that Rule 84.04(d) specifically provides a template for preparing a point on appeal. ***Wolf***, 690 S.W.3d at 625. The structure provided by

6

Rule 84.04 is to prevent misunderstandings among the parties to an appeal and the reviewing appellate court. *Rost*, 690 S.W.3d at 585.

Foreman's point on appeal claims, "The trial court erred in not ensuring that the necessary paragraph instructing the jury to consider the justification defenses self-defense and defense of others was included in Jury Instruction Nos[.] 17 and 18, the verdict directors for Counts XI and XII . . . ." The point on appeal asserts the trial court erred by failing to include two different defenses in two different verdict directors for two separate counts. Foreman's point on appeal contravenes Rule 84.04 by presenting a multifarious point on appeal with alleged error assigned to two separate jury instructions: whether the trial court erred in failing to include the necessary paragraph instructing the jury to consider self-defense and defense of others in (1) Instruction No. 17, the verdict director for Count XI, and (2) Instruction No. 18, the verdict director for Count XII.

This Court does, however, prefer to decide a case on its merits if possible and if the respondent is able to understand and respond to the appellant's point on appeal. *Wolf*, 690 S.W.3d at 626. Because the State understood and responded to Foreman's point on appeal, and the alleged errors are identical with the same analysis applying to both alleged errors, this Court will review the alleged errors *ex gratia*. *Rost*, 690 S.W.3d at 585 (where this Court chose to review a multifarious point on appeal *ex gratia* "[b]ecause the State understood and responded" to the appellant's claims).

*The trial court's failure to include a paragraph in Instruction Nos. 17 and 18*
*instructing the jury to consider the justification defenses of self-defense and*
*defense of others did not result in manifest injustice*

After the defense rested its case and before closing arguments were held, the trial court conducted an instruction conference off-the-record during a court recess. The record does not

reflect which party offered the verdict directors. Following the conference, the trial court submitted Instruction Nos. 1 through 21 to the jury, which included instructions on self-defense (Instruction No. 5) and defense of others (Instruction No. 6), along with verdict directors for each of the 12 counts submitted to the jury. The only objection defense counsel raised was to language regarding an initial aggressor in Instruction No. 5.

Relevant to this appeal, verdict directors for unlawful use of a weapon were submitted to the jury as Instruction Nos. 17 and 18.[5] Instruction No. 17 was directed toward Count XI, the class B felony of unlawful use of a weapon. Instruction No. 18 was directed toward Count XII, the class E felony of unlawful use of a weapon. Instruction No. 17 reads:

INSTRUCTION NO. 17
As to Count XI, if you find and believe from the evidence beyond a reasonable doubt:
First, that on or about July 2, 2021, in the County of Pemiscot, State of Missouri, [Foreman] knowingly shot a firearm at a white Chevrolet Impala while [Victim] was present inside the vehicle,
then you will find [Foreman] guilty under Count XI of unlawful use of a weapon.
However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find [Foreman] not guilty of that offense.

Instruction No. 18 reads:

INSTRUCTION NO. 18
As to Count XII, if you find and believe from the evidence beyond a reasonable doubt:

---

[5] This Court notes Foreman further violated Rule 84.04 in failing to set forth Instruction Nos. 17 or 18 in the argument portion of his brief. Rule 84.04(e). Rule 84.04(e) provides that if a point on appeal "relates to the giving, refusal or modification of an instruction, such instruction shall be set forth in full in the argument portion of the brief." Rule 84.04(e); *State v. Emerson*, 573 S.W.3d 93, 103 (Mo. App. E.D. 2019). Foreman's failure to include the challenged jury instructions in full in the argument portion of the brief warrants only plain error review. *Ellis v. Jurea Apartments, Inc.*, 875 S.W.2d 203, 205 (Mo. App. S.D. 1994).

First, that on or about July 2, 2021, in the County of Pemiscot, State of Missouri, [Foreman] exhibited in the presence of one or more persons a handgun, and

Second, that [Foreman] did so in an angry or threatening manner, and

Third, that the handgun was readily capable of lethal use, and

Fourth, that [Foreman] acted knowingly with respect to the facts and conduct submitted in this instruction,

Then you will find [Foreman] guilty under Count XII of unlawful use of a weapon.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find [Foreman] not guilty of that offense.

Foreman presented evidence at trial to support a finding that his actions leading to the unlawful use of a weapon charge were in defense of himself, Girlfriend, and K.H. Self-defense and defense of others are justifiable defenses to the offense of unlawful use of a weapon. Section 571.030.5; *State v. Jones*, 686 S.W.3d 293, 303 (Mo. App. E.D. 2024). The issues of self-defense and defense of others were submitted to the jury generally in Instruction Nos. 5 and 6. Instruction No. 5 was patterned after MAI-CR 4th 406.06.[6] Instruction No. 6 was patterned after MAI-CR 4th 406.08. The Notes on Use to MAI-CR 4th 406.06 and MAI-CR 4th 406.08 provide that when there is evidence to support self-defense or the defense of others the verdict directors must include a paragraph cross-referencing the general instructions for self-defense or defense of others modeled after MAI-CR 4th 406.06 and 406.08. Note on Use 4 to MAI-CR 4th 406.06 provides:

A paragraph making a cross-reference to this instruction will be added to the verdict director as follows:

(Second) (Third) ([*next numbered paragraph*]), that defendant did not act in lawful self-defense as submitted in Instruction No. ___,

If there is evidence supporting more than one claim of justifiable use of physical force, . . . a separate numbered cross-reference paragraph for each instruction on the justifiable use of physical force will be included in the verdict director.

---

[6] All references to jury instructions are to Missouri Approved Instructions – Criminal 4th ("MAI-CR 4th"), effective January 1, 2021), unless otherwise indicated.

9

Note on Use 3 to MAI-CR 4ᵗʰ 406.08 reads:

> A paragraph making a cross-reference to this instruction will be added to the verdict director as follows:
>
> (Second) (Third) ([*next numbered paragraph*]), that defendant did not act in lawful defense of another person as submitted in Instruction No. \_\_\_,
>
> If there is evidence supporting more than one claim of justifiable use of physical force, . . . a separate numbered cross-reference paragraph for each instruction on the justifiable use of physical force will be included in the verdict director.

Neither verdict director for unlawful use of a weapon included a paragraph on self-defense or defense of others or a paragraph cross-referencing Instruction Nos. 5 and 6, as required by the Notes on Use. Use of the Missouri Approved Criminal Instructions and the accompanying Notes on Use is mandatory. Rule 28.02(c); *State v. Griffin*, 859 S.W.2d 816, 820 (Mo. App. W.D. 1993). Failure to provide a cross-reference to self-defense or the defense of others in a verdict director as required by the Notes on Use is error. *Id.* In this particular circumstance utilizing the plain-error standard of review, this Court must determine whether the trial court's error resulted in manifest injustice to Foreman.

This Court has repeatedly held that the erroneous omission of a cross-reference paragraph in a verdict director does not rise to the level of manifest injustice or a miscarriage of justice. *State v. McKeown*, 699 S.W.3d 533, 537 (Mo. App. S.D. 2024) (finding no plain error in trial court's erroneous omission of a cross-reference paragraph for involuntary intoxication in verdict director for murder in the first-degree); *State v. Aldana*, 681 S.W.3d 586, 597 (Mo. App. W.D. 2023) (holding the omission of a mandatory cross-reference paragraph required by Notes on Use not plain error if jury is not misled); *State v. Burns*, 292 S.W.3d 501, 508 (Mo. App. S.D. 2009) (holding under the facts of that case the failure to cross-reference a self-defense instruction as required by the Notes on Use was not plain error); and *State v. Hawkins*, 58 S.W.3d 12, 18-19

10

(Mo. App. E.D. 2001) (failure of verdict director to cross-reference an instruction on self-defense did not amount to plain error).[7]

The jury was instructed on the issues of self-defense and defense of others in Instructions Nos. 5 and 6 generally. Defense counsel discussed self-defense extensively in its closing argument and specifically asked the jury to "please fin[d] [Foreman] not guilty on *every single charge* because he acted in self[-]defense." (Emphasis added.) The verdict directors for the five counts of armed criminal action and four counts of assault in the first degree also omitted a paragraph cross-referencing the self-defense and defense-of-others instruction and the jury nonetheless found Foreman not guilty of these offenses. Here, the jury was instructed on the defenses and the defenses were discussed in closing argument. Further, Foreman has failed to prove that the jury was either unaware that the defenses applied to the unlawful use of a weapon instructions or that the jury did not consider and failed to use the defenses in reaching its verdicts.

The entirety of Foreman's defense at trial was that he acted in self-defense and defense of others. In fact, he admitted at trial that he shot Victim and he shot at the Impala. Defense counsel recited the State's burden to disprove a reasonable use of force in closing argument, argued that Foreman responded with the same force as the men in the Impala, and argued to acquit Foreman on "every single charge" based on self-defense. Because this Court is required

---

[7] *Compare* **State v. Reynolds**, 72 S.W.3d 301, 306 (Mo. App. S.D. 2002), and **State v. Gaskins**, 66 S.W.3d 110, 115 (Mo. App. S.D. 2001), *with* **McKeown**, **Aldana**, **Burns**, and **Hawkins**. This Court, in both **Reynolds** and **Gaskin**, found the failure to cross-reference a self-defense instruction resulted in plain error under the facts of each case. As stated herein, whether reversal of a judgment is required under plain-error review "depends heavily on the facts and circumstances of each case." **Emanual**, 683 S.W.3d at 353 (quoting **Stuckley**, 573 S.W.3d at 768).

11

to take a "practical view" of the result of failing to cross-reference instructions on plain-error review, this Court holds Foreman failed to meet his burden to prove it was "evident" and "apparent" that the instructional error affected the verdict, and that a manifest injustice occurred in this case. This Court finds the omission of a self-defense or defense-of-others paragraph in Instruction Nos. 17 and 18, or a cross-reference to the self-defense and defense-of-others instructions in Instruction Nos. 5 and 6, did not rise to the level of manifest injustice or a miscarriage of justice.

The trial court's judgment is affirmed.

JENNIFER R. GROWCOCK, C.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JACK A. L. GOODMAN, J. – CONCURS